JESSIE BRILEY AND SCOTT BRILEY v. SHELBY BRILEY, *et al.*, Defendants. WILLIAM BRILEY, Defendant and Appellant.

EVIDENCE fails to show delivery of deed.

*Appeal from Fremont District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, MAY 18, 1895.

Action for the partition of certain real estate.—*Affirmed.*

*Geo. E. Draper* for appellants.

*W. E. Mitchell* for appellees.

Kinne, J.—I. Plaintiffs and defendants are the heirs at law of A. J. Briley, who died intestate in March, 1890. Plaintiffs claim that A. J. Briley died seized of the following real estate: Southwest quarter of northeast quarter of section 33, township 70, range 43, and southeast quarter of southwest quarter of section 24, township 70, range 43. They ask that partition be made of this land, and that it be sold, and aver that it cannot be divided. In an amendment to the petition, it is averred that debts exist against the estate of A. J. Briley in excess of the value of the personal property; and it is prayed that, from the funds arising from the sale, sufficient be turned over to the administrator to pay said debts, and that the balance be divided among said heirs. William Briley answered, admitting the death of A. J. Briley, and that the respective parties were his heirs, and denying other averments in the petition. He

alleges that he is the absolute owner of the land in section 24 which plaintiffs claimed belonged to A. J. Briley's estate; that he and his brother Shelby purchased and paid for this land, but because of this defendant's minority the said A. J. Briley advised that the legal title should be in his name, with the understanding that A. J. Briley would subsequently convey the land to them; that from the time of their purchase said defendant and his brother Shelby have had the actual, open, notorious, and adverse possession of said real estate, under claim of right; that in April, 1874, said A. J. Briley made and delivered to them a deed for said real estate; that on February 20, 1891, said Shelby deeded to this defendant the undivided one-half interest in said real estate. Defendant Mariah Briley filed her separate answer, in which she avers that one Isom conveyed the north one-half of the east one-half of the southwest quarter of the northeast quarter of section 33, township 70, range 43, to William A. Briley; that during the lifetime of A. J. Briley it was agreed between him and William A. Briley that the latter should purchase the north one-half of the east one-half of the southwest quarter of the northeast quarter of section 33, township 70, range 43, and should exchange the same with A. J. Briley for the northwest quarter of the southwest quarter of the northeast quarter of section 33, township 70, range 43, and that said purchase and exchange were made, but said parties neglected to make written conveyances of said property so exchanged, though they entered into possession of said property; that on June 2, 1890, William Briley conveyed to the defendant all of his interest in the southwest quarter of the northeast quarter of said section 33, township 70, range 43; that at the death of A. J. Briley he was largely indebted, and it was agreed between the parties to this action that, if William Briley would pay such indebtedness, plaintiffs would release all their interest in and to the land last above described; that William did pay said debts, and plaintiffs are now estopped from claiming any interest in said real estate. Plaintiffs, in reply, denied that A. J. Briley made the deed claimed to section 24. At the conclusion of the trial the court entered a decree confirming the title to the northwest quarter of the southeast quarter of the northwest quarter of section 33, township 70, range 43, in Mariah Briley, and confirming title to the east one-half of the southeast quarter of the northwest quarter of section 33, township 70, range 43, and the southwest quarter of the southeast quarter of the northwest quarter of said section, township, and range, except two and one-half acres thereof, in the heirs of A. J. Briley, and ordered partition accordingly. All of the parties excepted, and defendant William Briley appealed from so much of the decree as was against his claims. An appeal was also taken by some of the other parties as to so much of the decree as was favorable to Mariah Briley.

II. Defendant William Briley claims that the court should have

found in his favor as to the land in dispute in section 24. His claim is based upon adverse possession; also upon a deed said to have been executed by his father to him. That the father did execute a deed to this defendant and his brother Shelby may be conceded. The evidence, however, fails to satisfy us that such a deed was ever delivered to the grantees, or that it was the grantor's intention that it should be so delivered. We shall not review all of the testimony. Much of the evidence offered cannot be considered, because the witnesses were not competent, under Code, section 3639, to testify to personal transactions and communications had with the deceased. When such evidence is eliminated we are clearly of the opinion that the court below was justified in holding that A. J. Briley died seized of the land now claimed by William Briley.

III. The tract of land in section 33 was found by the lower court to be owned by Mariah Briley. While there is some conflict in the evidence, still we think all of the facts tend strongly to support the decree in this respect. The occupancy of this tract by William Briley during his father's lifetime; the fact that he made permanent improvements upon it, with the knowledge of his father; the acts of the father in fixing his residence; his declarations touching William's ownership of this tract; and other circumstances and facts in evidence,—fully warranted the conclusion that the father and son made the exchange of properties as claimed by William Briley. No useful purpose would be served by a review of the evidence. We are content with the decree entered below, and it will be *affirmed.*